UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>    v.<br><br>RAYMOND A. GALLIANI,<br><br>        Defendant. | Case No. 22-cv-03365-JSC<br><br>**ORDER RE: DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 48, 49, 50 |

Pending before the Court are three discovery dispute joint letters.  The Court heard oral argument on February 15, 2024.

**A.  Dkt. No. 49 (Temporal Scope)**

For the reasons stated at the hearing, the Court grants the government's motion to compel. Assuming the truth of the complaint's allegations, the sought-after communications are relevant to a claim or defense in this action and proportional to the case's needs.

**B.  Dkt. No. 48 (Butterfield Bank)**

The government's motion to compel is denied.  The government's submission makes no effort to establish Mr. Galliani has "possession, custody, or control" as required by Federal Rules of Civil Procedure 34(a)(1)(A).  *See United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO,* 870 F.2d 1450, 1452 (9th Cir. 1989) ("The party seeking production of the documents . . . . bears the burden of proving that the opposing party has . . . control").  "Control is defined as the legal right to obtain documents upon demand."  *Id.*  The government's insistence Butterfield stated it would produce the documents if Mr. Galliani signs a waiver does not show the legal right to demand the documents.

//

**C. Dkt. No. 50 (Privilege)**

    **1. Privilege Log Sufficiency**

While not challenging any specific log entry, the government claims it needs more information to determine if the communications on Defendant's privilege log are protected by the attorney-client privilege. The Court is unpersuaded. *See Club Level, Inc. v. City of Wenatchee*, 618 F. App'x 316, 319 (9th Cir. 2015) (holding privilege log which "disclosed the nature of the correspondence, the date of sending, the sender and recipient(s), and a brief statement describing the subject of the content" sufficient to support assertion of attorney-client privilege). The government's reliance on *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1995), for the proposition "[t]hat a person is a lawyer does not, *ipso facto*, make all communications with that person privileged" is misplaced. There is no dispute Mr. Galliani hired the attorneys identified on the privilege log to provide legal advice. *See id.* ("If a person hires a lawyer for advice, there is a rebuttable presumption that the lawyer is hired 'as such' to give 'legal advice,' whether the subject of the advice is criminal or civil, business, tort, domestic relations, or anything else.").

The government did not ask the Court to review the communications *in camera*. But, anyway, it has not met its burden of showing *in camera* review is warranted. *See Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 353 (9th Cir. 2014) (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992) ("requiring a 'factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged'"). That some of the communications on the privilege log involve Mr. Galliani's daughter, Pamela Gagliani, does not support a good faith belief *in camera* inspection of the five withheld communications (Log Nos. 11, 13, 16, 17, 22) may reveal the communications are not privileged given Ms. Gagliani is a trust and estates attorney, has provided advice to her father for many years, and all of the withheld communications involve another attorney. Further, that she may have her own financial interests in the challenged entities does not suggest that in the five communications made during a two-year period and involving another attorney she was not discussing legal advice.

That Mr. Galliani did not produce representation agreements for all attorneys does not

support a good faith belief the withheld communications are not privileged. The government cites no law, and the Court is unaware of any, requiring a formal representation agreement to invoke the attorney-client privilege. *See Trevino v. Golden State FC LLC,* No. 17-CV-01300 DAD (BAM), 2019 WL 3892356, at *7 (E.D. Cal. Aug. 19, 2019) ("No formal agreement or compensation is necessary to create an attorney-client relationship for purposes of the privilege.") (discussing California law) (quotations and citations omitted).

### 2. Requests 7 & 8

Request No. 7 asks:

> Please produce written correspondence and notes of oral communications between you and anyone other than your attorneys or Karen Stepper (or someone from her office) at any time up through December 31, 2017, that mention or discuss form TD F90-22.1 Report of Foreign Bank and Financial Accounts (FBAR) or FinCEN Form 114 (FBAR) and any United States reporting requirements regarding foreign financial accounts to the Department of the Treasury or the IRS.

(Dkt. No. 52-2 at 4.) Mr. Galliani responded he would produce "non-privileged responsive documents," but has apparently refused to disclose whether he is withholding responsive documents as privileged and, if so, which privilege log entry corresponds to the withheld documents. Given the request excludes communications with attorneys and Ms. Stepper, the government's ask of Mr. Galliani is reasonable: what other responsive documents would be privileged? And, if none was withheld, say so.

Request No. 8 asks Mr. Galliani to provide documents to support his contention Ms. Stepper advised him he was not required to file a FBAR. (Dkt. No. 52-4 at 5.) The government complains Mr. Galliani is withholding documents as privileged, but the request only asks for documents "supporting" Mr. Galliani's defense not, for example, all communications Mr. Galliani had with Ms. Stepper.

### 3. Tax Practitioner Privilege

The government contends Mr. Galliani has not provided sufficient information for his invocation of the tax practitioner privilege, 26 U.S.C. § 7525. Not so. The privilege log entries identify the type of communication (e.g., notes of oral communications, emails) and subject matter

3

(e.g., tax advice in connection with audit). And all, except one of the withheld documents, reflects communications after the government instituted its audit which supports the log's assertion the withheld document reflects advice related to the audit. Log entries 32 and 35 reflect communications regarding tax advice about private annuities and estate planning, rather than about the audit. (Dkt. No. 52-3 at 6.) But there is no suggestion the accountants were retained to prepare tax returns such that the withheld communications were simply for the preparation of tax returns. Or that the withheld documents are worksheets containing financial data or documents discussing deductions and the calculation of gains and losses—documents not protected by the tax practitioner privilege because it does not cover "information generally gathered to facilitate the filing of a tax return." *Valero Energy Corp. v. U.S.*, 569 F.3d 626, 631 (7th Cir. 2009). As with the attorney-client privilege, there is no showing of a good faith belief these communications are not as represented.

This Order disposes of Docket Nos. 48, 49, 50.

**IT IS SO ORDERED.**

Dated: February 20, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

4